# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| **PHILLIP CHRISTIANSON,** | **Case No. 14 C 7363** |
| **Plaintiff,** | |
| **v.** | **Judge Harry D. Leinenweber** |
| **KAREN YARBROUGH, _et al.,_** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phillip Christianson ("Christianson") filed a three-count Complaint against Cook County Recorder of Deeds Karen Yarbrough ("Yarbrough"), Chief Deputy Recorder of Deeds William Velazquez ("Velaquez"), Deputy Recorder of Deeds William Drobitsch ("Drobitsch"), and Cook County, Illinois (hereinafter, collectively, the "Defendants") alleging political discrimination and retaliation under 42 U.S.C. § 1983 and violation of the _Shakman_ decrees. (Compl., ECF No. 1.)

There are three motions pending before the Court: (1) Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 13]; (2) Christianson's Motion for Preliminary Injunction [ECF No. 15]; and (3) Defendants' Motion to Reassign the Case [ECF No. 17)]. For the reasons stated herein, the Court grants Defendants' Motion to Dismiss and denies the remaining motions as moot. Christianson is given fourteen (14) days leave to amend his Complaint.

## I. BACKGROUND

Christianson began working as the Concourse Manager of the Cook County Recorder of Deed's Office on October 9, 2012 under outgoing Recorder Eugene Moore ("Moore"). Christianson received positive evaluations from Moore's administration.

Yarbrough was elected as Recorder of Deeds in November 2012 and took office in early December 2012. Under Yarbrough, Velazquez serves as Chief Deputy Recorder of Deeds. Drobitsch serves as Deputy Recorder of Deeds and was Christianson's direct supervisor. Christianson claims that Defendants discriminated against him because of his political non-affiliation with Yarbrough. Christianson alleges that he was the victim of false incident reports and evaluations, resulting in his eventual termination in February 2013.

After his termination, Christianson obtained a new job with a title company that required him to go to the Recorder's Office. In April 2013, Christianson filed a complaint with the Office of the Independent Inspector General ("OIIG") of Cook County alleging that the Recorder's Office had engaged in political discrimination. In August 2013, Velazquez sent a letter to Christianson's new employer stating that Christianson failed to follow sign-in procedures at the Recorder's Office and disrupted employees when he visited — accusations that are false, according to Christianson. In May 2014, an incident arose between Christianson and a security guard at the Recorder's Office. As a result of this incident, the Recorder's Office sent a letter to Christianson's new employer prohibiting Christianson from setting foot in the Recorder's Office again.

## II. ANALYSIS

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's allegations as true, and view them in the light most favorable to the plaintiff. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir. 1987). A court need not accept as true "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotations and alterations omitted).

### A.  Count I - Political Discrimination under § 1983

Christianson's first claim is that Defendants violated his First Amendment rights when they terminated him from his position as Concourse Manager because of his political neutrality. According to Christianson, Defendants "attempted to block his appointment as concourse manager and subsequently terminated [him] based upon political factors, including but not limited to, his lack of affiliation with Yarbrough." (Compl. ¶ 48.) Based on this alleged violation of constitutional rights, Christianson seeks relief under § 1983 against all Defendants.

Individual liability under § 1983 requires a showing that defendants were acting under the color of state law and that their conduct violated the plaintiff's rights under the Constitution or laws of the United States. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). A "causal connection, or an affirmative link" must exist between the violation and the defendant. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Supervisors cannot be held liable for § 1983 violations unless they "knowingly, willfully, or at least recklessly" cause the violation. *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986).

Under the First Amendment, government officials cannot "discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved." *Rutan v. Republican Party of Ill.,* 497 U.S. 62, 64–65 (1990). Accordingly, to state a claim for violation of First Amendment rights, a public employee must show that: (1) his or her conduct was constitutionally protected; (2) the employee suffered a deprivation likely to deter free speech; and (3) the constitutionally protected conduct caused the adverse employment action. *Gunville v. Walker,* 583 F.3d 979, 984 (7th Cir. 2009). Although a plaintiff must ultimately establish but-for causation to succeed on a political discrimination claim, he or she may begin by making an initial showing that speech was a "motivating factor" in the employer's adverse decision. *Kidwell v. Eisenhauer,* 679 F.3d 957, 965 (7th Cir. 2012). The burden then shifts to the employer to rebut the causal inference raised by the plaintiff's

evidence. *Id.; see also, Greene v. Cook Cnty. Sheriff's Office,* No. 12 C 8763, 2015 WL 514660, at *12 (N.D. Ill. Feb. 4, 2015). Thus, at the motion to dismiss stage, a plaintiff need only show that speech was a motivating factor behind an employer's adverse action.

### 1. *Karen Yarbrough*

The only allegation specific to Yarbrough is that in late September 2012 — before Yarbrough was elected Recorder — Yarbrough expressed disappointment to then-current Chief Deputy Recorder Darlena Williams-Burnett that high-level positions were being filled prior to Yarbrough's election. (Compl. ¶ 16.) Christianson's other allegations against Yarbrough concern actions she took through her subordinates. (*See, e.g., id.* ¶ 22 ("[A]fter Yarbrough took office she took numerous false adverse and pretextual employment actions against the Plaintiff, through her deputies, because he was not politically affiliated with Yarbrough.").)

Christianson concedes that the first incident — Yarbrough's statements to Williams-Burnett — is not actionable under § 1983. Because it took place before Yarbrough took office, Yarbrough was not acting under the color of state law. *See, Lanigan v. Vill. of E. Hazel Crest, Ill.,* 110 F.3d 467, 471 (7th Cir. 1997). Christianson's more general allegations against Yarbrough concern conduct that occurred through her subordinates. However, a supervisory official cannot be held vicariously liable under § 1983 for conduct of her subordinates "unless the individual was personally involved in the wrongful conduct such that he or she caused or participated in the alleged violation." *Boyce v. Moore,* 314 F.3d 884, 888 (7th Cir.

2002). Here, Christianson does not allege to what extent, if any, Yarbrough caused or participated in the "false adverse and pretextual employment actions" taken against him. (Compl. ¶ 22.) For these reasons, Count I is dismissed as to Yarbrough.

### 2. *William Velazquez & William Drobitsch*

Plaintiff alleges that in late September 2012 Velazquez — then Yarbrough's campaign manager — also criticized Williams-Burnett for filling high-level positions, including that of concourse manager, prior to Yarbrough's election. Because Velazquez took these actions before his appointment to Chief Deputy Recorder, he was not acting under the color of state law. Therefore, Christianson's claim that Velazquez tried to "block his appointment as concourse manager," (*id.* ¶ 48), is not actionable. *See, Lanigan,* 110 F.3d at 471.

After Velazquez was appointed Chief Deputy Recorder, Christianson alleges that he received several false, negative evaluations and incident reports. Christianson claims that Drobitsch, his immediate supervisor, issued at least seven pretextual incident reports and other false statements against him in a period of just over one month. Christianson claims that together, Velazquez and Drobitsch extended his probationary period an additional 60 days for no reason, prevented him from training additional supervisors and performing his job duties, and ultimately terminated him for improper political reasons.

Although Defendants contest the first element of Christianson's political discrimination claim, it is well established that political non-affiliation is constitutionally protected conduct. *See, Hermes v. Hein,* 742 F.2d 350, 354 n.3 (7th Cir. 1984). The only contested

element of Christianson's political discrimination claim is whether he has adequately pleaded that his political non-affiliation was the cause of his termination.

"To plead causation in a political discrimination claim, the plaintiff must allege: (1) that a decision maker was aware of [plaintiff's] political affiliation (or lack thereof), and (2) the decision maker based an employment decision on this affiliation." *Maxwell v. Cnty. of Cook,* No. 10 CV 00320, 2011 WL 4639530, at *8 (N.D. Ill. Mar. 17, 2011) (citing *Mt. Healthy City v. Doyle,* 429 U.S. 274, 287 (1997)); *see also, Zerante v. DeLuca,* 555 F.3d 582, 585 (7th Cir. 2009). Christianson argues that because he was hired by outgoing Recorder Moore, "Defendants were aware of Plaintiff's lack of affiliation with Yarbrough." (Pl.'s Resp. at 9.) Even accepting that Velazquez and Drobitsch were aware of Christianson's lack of political affiliation, Christianson has not alleged that their conduct was politically motivated. Although Christianson alleges that the OIIG investigated his allegations of political discrimination at the Recorder's Office and "issued a finding in [his] favor" (Compl. ¶ 55), it is unclear whether the OIIG's findings pertained to Velazquez and Drobitsch. Because Christianson has failed to allege that Velazquez and Drobitsch's actions were based on his non-affiliation with Yarbrough, Count I is dismissed as to these Defendants.

### 3. *Cook County*

Cook County is only liable under Count I if Christianson can plausibly allege that he suffered a constitutional deprivation as the result of an official custom, policy, or practice. *Monell v. Dep't of*

*Social Servs. of the City of N.Y.,* 436 U.S. 658, 691 (1978). An official custom, policy, or practice may include an express policy, a widespread practice that carries the force of policy, or "the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice v. Corr. Med. Servs.,* 675 F.3d 650, 675 (7th Cir. 2012). Christianson does not make any allegations that he suffered an injury as a result of an official custom, policy, or practice of either Cook County or the Recorder's Office. Christianson's claims against Cook County in Count I are therefore dismissed.

### B.    Count II – Political Retaliation under § 1983

While Christianson generally alleges that all Defendants retaliated against him for filing a complaint with the OIIG, he only makes specific allegations against Velazquez. Because there are no specific allegations against Yarbrough or Drobitsch, the retaliation claims against these Defendants must be dismissed. And, as under Count I, Christianson fails to allege that Cook County implemented an official custom, policy, or practice that caused the alleged retaliation. Christianson's claims against Cook County are therefore dismissed as well.

Christianson alleges that Velazquez sent a letter his new employer on August 9, 2013 that complained of Christianson's conduct at the Recorder's Office. Another letter was sent on May 15, 2014, informing Christianson's new employer that Christianson was barred from entering the Recorder's Office again. According to Christianson,

the letters were sent as retaliation for the complaint he filed with the OIIG on April 25, 2013.

However, Christianson fails to allege that Velazquez had any knowledge of his complaint to the OIIG at the time the first letter was written. An employer cannot retaliate against a former employee for actions of which it is unaware. *See, Healy v. City of Chicago,* 450 F.3d 732, 741 (7th Cir. 2006). Christianson also fails to allege that Defendant Velazquez had any personal involvement in the May 15, 2014 letter, which was sent by the "Recorder's Office." (Compl. ¶ 54.) Because Christianson does not allege that Velazquez knew of the OIIG complaint or played any part in preparing the second letter, he fails to state a political retaliation claim against Velazquez. Count II is therefore dismissed.

### C. Count III - Violation of *Shakman* Decrees

Both Cook County and the Cook County Recorder of Deeds Office are subject to consent decrees issued in *Shakman v. Democratic Organization of Cook County,* 69 C 2145 (N.D. Ill. 1969). The 1992 consent decree prohibits the Recorder from taking certain employment actions based on political considerations. (*See, Shakman v. Cook Cnty. Democratic Org.,* No. 69 C 2145 (N.D. Ill. 1969), ECF No. 1831, at 1.) The *Shakman* decrees bind the settling defendants to liability for the actions of their employees under a *respondeat superior* analysis. *See, Everett v. Cook Cnty.,* 704 F.Supp.2d 794, 804 (N.D. Ill. 2010) (citing *Wzorek v. City of Chicago,* 906 F.2d 1180, 1184 (7th Cir. 1990), *aff'd*, 655 F.3d 723 (7th Cir. 2011).

Count III is directed at Cook County.  Defendants argue, for the first time in their reply brief, that Yarbrough, Velazquez, and Drobitsch's conduct cannot be imputed to Cook County because Cook County and the Recorder's Office are separate entities, and employees of the Recorder's Office are not actually employed by Cook County. The Court will not address the merits of Defendants' argument at this stage.  Because Christianson has failed to state a claim against the individual defendants, no *Shakman* violation can be imputed to Cook County or the Recorder's Office.  For this reason, Count III is dismissed.

### III.  CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [ECF No. 13] is granted.  Christianson's claims are dismissed without prejudice, and Christianson is granted fourteen (14) days from the date of this order to amend his Complaint.  Christianson's Motion for Preliminary Injunction [ECF No. 15], and Defendants' Motion to Reassign the Case [ECF No. 17] are denied as moot.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated:4/2/2015