**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Phillip Christianson, | ) | |
| | ) | Case No.  14 C 7363 |
| Plaintiff, | ) | |
| v. | ) | Honorable Judge |
| | ) | Harry D. Leinenweber |
| Karen Yarbrough, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, Karen Yarbrough, William Velazquez, William Drobitsch, the Cook County Recorder of Deeds Office, and Cook County, by and through their attorney, Anita Alvarez, Cook County State's Attorney, and her assistant, Scott A. Golden, Assistant State's Attorney, answer Plaintiff's First Amended Complaint as follows:

### JURISDICTION AND VENUE

1.      In 1969, Cook County was made the subject of a federal lawsuit in the Northern District of Illinois entitled *Michael Shakman et al. vs. Democratic Organization of Cook County, et al.*, Case No. 69 C 2145. In order to resolve many of the issues involved in that case, Cook County and the Cook County Recorder of Deeds Office entered into Consent Decrees that prohibited Cook County and the Cook County Recorder of Deeds Office from "conditioning, basing or knowingly prejudicing of affecting any term or aspect of government employment with respect to one who is a government employee upon or because of any political reason or factor".

**ANSWER:**     Defendants admit that Cook County and the Cook County Recorder of Deeds are parties to the case of *Shakman et al. vs. Democratic Organization of Cook County, et al.*, Case No. 69 C 2145, and that the Cook County Recorder of Deeds entered into a Supplemental Relief

Order in that case. Defendants deny the remaining allegations in paragraph 1. Defendants further state that Defendant Cook County is included in this matter for indemnification purposes only and is not a substantive defendant herein.

2.      The Consent Decrees are often referred to as the "*Shakman* Decrees".

**ANSWER:**      Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, deny same.

3.      The District Court for the Northern District of Illinois has retained jurisdiction over the *Shakman* case. As part of its jurisdiction over the case, the Court is empowered to enforce the *Shakman* Decrees. The authority of the Court is placed in the hands of a federal *Shakman* Monitor.

**ANSWER:**      Defendants admit that the case of *Shakman et al. vs. Democratic Organization of Cook County, et al*., Case No. 69 C 2145 is pending before the Honorable Judge Sidney I. Schenkier in the Northern District of Illinois but Defendants deny the remaining allegations in paragraph 3.

4.      This action also arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. §1983).

**ANSWER:**      Defendants admit that Plaintiff brings this action under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. §1983).

5.      This court has jurisdiction under and by 28 U.S.C. §§1343 and 1331.

**ANSWER:**      Defendants admit the allegations in paragraph 5.

6.      Venue is founded in this judicial court upon 28 U.S.C. §1391 as the acts complained of arose in this district.

**ANSWER:**      Defendants admit the allegations in paragraph 6.

## PARTIES

7.     At all times herein mentioned, Plaintiff Phillip Christianson ("Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, therefore, deny same.

8.     Defendant Karen Yarbrough ("Yarbrough") is sued in her individual capacity. At all times relevant herein unless otherwise stated, Defendant Yarbrough was the Cook County Recorder of Deeds.

**ANSWER:**     Defendants admit that Karen Yarbrough is sued in her individual capacity and was sworn in to her elected position as the Cook County Recorder of Deeds on December 1, 2012. Defendants deny the remaining allegations in paragraph 8.

9.     Defendant William Velazquez ("Velazquez") is sued in his individual capacity. At all times relevant herein unless otherwise stated, Defendant Velazquez was the Chief Deputy Recorder of Deeds.

**ANSWER:**     Defendants admit the allegations in paragraph 9.

10.     Defendant William Drobitsch ("Drobitsch") is sued in his individual capacity. At all times relevant herein unless otherwise stated, Defendant Drobitsch was a Deputy Recorder of Deeds.  (Yarbrough, Velazquez and Drobitsch are collectively referred to herein as the "Individual Defendants")

**ANSWER:**     Defendants admit the allegations in paragraph 10.

11.     Defendant Cook County ("County") is and was at all relevant times a municipal corporation organized and existing under the laws of the State of Illinois. At all relevant times, Cook County administered itself through various departments and offices.

3

**ANSWER:**     Defendants admit the allegations in paragraph 11. Defendants further state that Defendant Cook County is included in this matter for indemnification purposes only and is not a substantive defendant herein.

12.     At all relevant times, Defendant Cook County Recorder of Deeds Office ("Recorder's Office") is and was an elected office of Cook County.

**ANSWER:**     Defendants deny the allegations in paragraph 12.

## FACTUAL ALLEGATIONS

13.     On September 25, 2012, Eugene Moore ("Moore"), the former Recorder of Deeds, offered Plaintiff the position of concourse manager in the Recorder's Office. Plaintiff accepted the Concourse Manager position on September 26, 2012.

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, deny same.

14.     Plaintiff began working as the concourse manager in the Recorder's Office on October 9, 2012.

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, therefore, deny same.

15.     On November 6, 2012, Yarbrough was elected Recorder of Deeds.

**ANSWER:**     Defendants admit the allegations in paragraph 15.

16.     Velazquez was Yarbrough's campaign manager while she was running for the Recorder of Deeds position. In late September 2012, after Plaintiff accepted the position of concourse manager, Velazquez approached the then Chief Deputy Recorder Darlena Williams-Burnett ("Williams-Burnett") and criticized her for filling certain high-level positions, including the Plaintiff's concourse manager position. Velazquez told Williams Burnett "I [would] hate for

[the new hires] to not have their jobs when [Ms. Yarbrough] comes in; is there any way you can take these [postings] down?" Yarbrough also contacted Williams-Burnett and told her she was disappointed that Williams-Burnett was filling high-level positions, despite the fact that she had not yet been elected as Recorder of Deeds.

**ANSWER:**    Defendants admit that Velazquez was Yarbrough's campaign manager while she was running for the office of Cook County Recorder of Deeds. Defendants deny the remaining allegations in paragraph 16.

17.    Velazquez and Yarbrough told Williams-Burnett that they did not want her filling high-level positions in the Recorder's Office because they wanted to stop Moore from hiring employees in order to allow Yarbrough the opportunity to fill those positions after the election.

**ANSWER:**    Defendants deny the allegations in paragraph 17.

18.    As a result of her communications with Velazquez and Yarbrough, Williams-Burnett took down a job posting for a high-level position. However, Williams-Burnett did not revoke her offer of the concourse manager position to the Plaintiff.

**ANSWER:**    Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.    On November 8, 2012, Plaintiff received a 30-day evaluation. Plaintiff received an overall score of 4.57 out of 5 on his 30-day evaluation.

**ANSWER:**    Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.    On November 30, 2012, Plaintiff received a 60-day evaluation. In this 60-day evaluation, Plaintiff was described as a "great employee".

**ANSWER:**    Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.    Yarbrough took office as the Recorder of Deeds in early December 2012. When Yarbrough took office, she appointed Velazquez as the Chief Deputy Recorder of Deeds.

**ANSWER:**    Defendants admit the allegations in paragraph 21.

22.    As detailed below, Yarbrough and her deputies took numerous false adverse and pretextual employment actions against the Plaintiff because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**    Defendants deny the allegations in paragraph 22.

23.    After Yarbrough took office, she appointed an individual named Cedric Giles ("Giles") as a Deputy Recorder of Deeds. As a Deputy Recorder of Deeds, Giles supervised the Plaintiff in-between December 10, 2012 and December 23, 2012.

**ANSWER:**    Defendants admit that after Yarbrough took office she appointed Cedric Giles as a Deputy Recorder of Deeds. However, Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and, therefore, deny same.

24.    On January 11, 2013, Giles issued a "60-day evaluation amendment" to the Plaintiff's 60-day evaluation as a "formal way to correct the record." In this amendment, Giles included a December 6, 2012 incident report alleging that Plaintiff "failed to control his area" based upon the fact that one of the Plaintiff's subordinates had a mini fridge in her work space and kept shoes in a locker. This December 6, 2012 incident report was false.

**ANSWER:**    Defendants deny the allegations in paragraph 24.

25.    Upon information and belief, Yarbrough knowingly, willfully or recklessly caused Giles to issue a false amendment to Plaintiff's 60-day evaluation and/or failed to prevent

Giles from issuing a false amendment to Plaintiff's 60-day evaluation because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 25.

26.     On January 14, 2013, Giles prepared a 90-day evaluation for Plaintiff. The Plaintiff's 90-day evaluation was for the period of December 10, 2012 through December 23, 2012. In the Plaintiff's 90-day evaluation, Giles gave Plaintiff a false composite score of 2.5 out of 5.

**ANSWER:**     Defendants deny the allegations in paragraph 26.

27.     Upon information and belief, Yarbrough knowingly, willfully or recklessly caused Giles to issue a false 90-day evaluation to Plaintiff and/or failed to prevent Giles from issuing a false 90-day evaluation to Plaintiff because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 27.

28.     Yarbrough appointed Drobitsch as a Deputy Recorder of Deeds on December 24, 2013. Thereafter, Drobitsch began to supervise the Plaintiff.

**ANSWER:**     Defendants admit the allegations in paragraph 28.

29.     Plaintiff's 90-day probationary period was set to expire on January 9, 2013. However, on or about January 9, 2013 Yarbrough, Velazquez, and Drobitsch decided to extend the Plaintiff's 90-day probationary period by 60 days without any justifiable explanation. Velazquez specifically instructed Drobitsch to send an e-mail to human resources about extending the Plaintiff's probationary period. At the time that Plaintiff's probationary period was extended by 60 days, Drobtisch had supervised Plaintiff for a total of 12 days.

**ANSWER:**     Defendants deny the allegations in paragraph 29.

30.     Yarbrough, Velazquez, and Drobitsch knowingly, willfully or recklessly extended Plaintiff's 90-day probationary period because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 30.

31.     On January 10, 2013, Velazquez e-mailed Drobitsch and instructed him to "[d]ocument everything related to Phill [*sic*] Christianson advances and missteps and discipline if warranted."

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, deny same.

32.     On January 14, 2013, Drobitsch issued his own 90-day evaluation of Plaintiff for the period of time in-between December 24, 2012 and January 9, 2013. In his 90-day evaluation of the Plaintiff, Drobitsch gave Plaintiff a false composite score of 2.42 out of 5.

**ANSWER:**     Defendants deny the allegations in paragraph 32.

33.     Upon information and belief, Yarbrough knowingly, willfully or recklessly caused Drobitsch to issue a false 90-day evaluation to Plaintiff and/or failed to prevent Drobitsch from issuing a false 90-day evaluation to Plaintiff because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 33.

34.     On January 24, 2013, Velazquez e-mailed Drobitsch again to ask for a comprehensive memorandum regarding all incidents involving the Plaintiff including "correspondence and advice observed." On February 1, 2013, Drobtisch e-mailed Velazquez a memorandum regarding the Plaintiff's alleged inadequacies in his position as concourse manager. None of these alleged inadequacies were truthful.

**ANSWER:**     Defendants deny the allegations in paragraph 34.

35.     In-between January 5, 2013 and February 15, 2013, Drobitsch issued several

pretextual "Incident Reports" against Plaintiff for the following incidents, amongst others:

   a.     Discovery of historical memoranda bearing the former Recorder's name on the concourse level;

   b.     Plaintiff's "inability to deal with" a subordinate who was late on four occasions;

   c.     Allowing a subordinate to travel off-site and arrive at 3:15 without a lunch break;

   d.      Having to assist the Plaintiff with "post[ing] a proper sick call memo";

   e.     The malfunction and repair of a Lektriever machine;

   f. "    Failure [to] have control of/manage the Back Data Conversion Department" after equipment broke and Plaintiff failed to issue a written reprimand of a subordinate;

   g.     Bringing an employee to Drobitsch's office to explain the dress code. 36. Upon information and belief, Yarbrough knowingly, willfully or recklessly caused Drobitsch to issue pretextual incident reports to Plaintiff and/or failed to prevent Drobitsch from issuing pretextual incident reports to Plaintiff because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 35.

36.     Upon information and belief, Yarbrough knowingly, willfully or recklessly

caused Drobitsch to issue pretextual incident reports to Plaintiff and/or failed to prevent

Drobitsch from issuing pretextual incident reports to Plaintiff because the Plaintiff was not

politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 36.

37.      On January 28, 2013, Plaintiff sent an e-mail to Drobitsch and Velazquez

informing them that he was going to train two supervisors who reported to him. Velazquez

prevented this training from occurring and stated he would need to know who was receiving

training, the justification for the training, how individuals and topics were selected for the

training, who would perform the training and "what testing procedures have been put in place to determine the success of the training."

**ANSWER:**    Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, therefore, denies same.

37.    Despite not allowing Plaintiff to train the supervisors under his supervision, Drobitsch repeatedly criticized Plaintiff for assisting those same supervisors when they lacked the requisite skills to serve customers in the Recorder's Office.

**ANSWER:**    Defendants deny the allegations in paragraph 38.

39.    On January 31, 2013, Plaintiff sent an e-mail to Drobitsch and Velazquez advising them that the back conversion department would be down for a week and that he would need to find temporary departments for those workers who could not resume work until the repairs were made. Drobitsch told Plaintiff in response that Christianson needed to speak with him before making any staff changes and that all staff changes must be approved by Velazquez first.

**ANSWER:**    Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, deny same.

40.    On February 6, 2013, Drobtisch e-mailed Plaintiff regarding his job description and alleged that Plaintiff was not performing certain duties within his job description. Drobitsch requested Plaintiff to "plan, organize and direct the work of two supervisors and seventeen employees as my Concourse Manager." Yet, Yarbrough, Drobtisch, and Velazquez did not allow Plaintiff to train the two supervisors under Plaintiff's supervision and specifically prevented him from performing the duties of his position.

**ANSWER:**    Defendants deny the allegations in paragraph 40.

41.     At all times, Plaintiff met his employer's legitimate employment expectations. Each and every negative incident report and evaluation provided to Plaintiff after Yarbrough became the Recorder of Deeds was false.

**ANSWER:**     Defendants deny the allegations in paragraph 41.

42.      In early February, 2013, Drobtisch told Plaintiff to "go make an appointment with the Recorder and tell her that you are the man for the job…". At that time, Plaintiff asked if his job was on the line but Drobitsch did not answer.

**ANSWER:**     Defendants deny the allegations in paragraph 42.

43.     On February 15, 2013, Drobitsch asked Plaintiff to attend a performance evaluation meeting. At the end of the evaluation meeting, Drobitsch informed Plaintiff that he was recommending that Plaintiff be terminated effective immediately.

**ANSWER:**     Defendants admit the allegations in paragraph 43.

44.     Yarbrough, Velazquez, and Drobitsch terminated Plaintiff's employment on February 15, 2013.

**ANSWER:**     Defendants deny the allegations in paragraph 44.

45.     Yarbrough, Velazquez, and Drobitsch's reasons for Plaintiff's termination were false and pretextual.

**ANSWER:**     Defendants deny the allegations in paragraph 45.

46.     Yarbrough, Velazquez, and Drobitsch were each aware that Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 46.

47.      On February 15, 2013 Yarbrough, Velazquez, and Drobitsch terminated the Plaintiff's employment because the Plaintiff was not politically affiliated with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 47.

48.     Yarbrough, Velazquez, and Drobitsch violated the Plaintiff's freedom to work free from political considerations when they terminated the Plaintiff based upon improper political reasons or factors.

**ANSWER:**     Defendants deny the allegations in paragraph 48.

49.     On April 25, 2013, Plaintiff filed a complaint with the Office of the Independent Inspector General of Cook County ("OIIG") alleging political discrimination.

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 49 and, therefore, deny same.

50.     Upon information and belief, Yarbrough, Velazquez, and Drobitsch each became aware of Plaintiff's OIIG complaint alleging political discrimination shortly after April 25, 2013.

**ANSWER:**     Defendants deny the allegations in paragraph 50. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

51.     On August 9, 2013, Velazquez sent a letter to Plaintiff's current employer informing them that they had received complaints about Plaintiff "refus[ing] to sign-in" to the Tract Department; "refus[ing] to abide by the prohibition on the use of cell phones within our Tract Department"; "us[ing] the Tract Department for purposes other than working"; and complaints from employees that Plaintiff "interrupts them and attempts social conversation with them".

**ANSWER:**     Defendants deny the allegations in paragraph 51. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

12

52. None of these complaints were true. Velazquez sent this letter in retaliation for Plaintiff's OIIG complaint in an effort to harass and intimidate the Plaintiff and Plaintiff's employer.

**ANSWER:** Defendants deny the allegations in paragraph 52. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

53. Yarbrough and Drobitsch retaliated against Plaintiff when they knowingly, willfully or recklessly caused Velazquez to send a letter to Plaintiff's employer on August 9, 2013 and/or failed to prevent Velazquez from sending the letter to Plaintiff's employer on August 9, 2013.

**ANSWER:** Defendants deny the allegations in paragraph 53. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

54. On May 7, 2014, Plaintiff was inside the Recorder's Office when an incident arose with a security guard. The security guard acted inappropriately towards Plaintiff's daughter and Plaintiff addressed this with the security guard. Plaintiff was not hostile towards the security guard.

**ANSWER:** Defendants deny the allegations in paragraph 54. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

55. On May 15, 2014, the Recorder's Office sent a letter to Plaintiff's current employer informing them that Plaintiff was prohibited from entering into the Recorder's Office,

a public office, because of the incident that took place on May 7, 2014. Plaintiff's current position requires him to go into the Recorder's Office on a regular basis.

**ANSWER:** Defendants deny the allegations in paragraph 55. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

56. Yarbrough, Drobitsch, and Velazquez personally participated in the decision to prohibit Plaintiff from entering into the Recorder's Office on or about May 15, 2014.

**ANSWER:** Defendants deny the allegations in paragraph 56. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

57. Yarbrough, Drobitsch, and Velazquez each retaliated against Plaintiff when they personally participated in the process of prohibiting Plaintiff from entering into the Recorder's Office. Yarbrough, Drobitsch, and Velazquez prohibited Plaintiff from entering into the Recorder's Office in retaliation for his filing an OIIG complaint.

**ANSWER:** Defendants deny the allegations in paragraph 57. Defendants further state that Count II of Plaintiff's Complaint alleging political retaliation in violation of 42 U.S.C. §1983 was dismissed by court order.

58. The OIIG's investigation into Plaintiff's allegations of political discrimination was still ongoing in May 2014.

**ANSWER:** Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 58 and, therefore, deny same.

59. On June 19, 2014, the OIIG issued a finding in Plaintiff's favor.

**ANSWER:** Defendants deny the allegations in paragraph 59.

14

60.     The OIIG "determined that impermissible political factors were considered in the employment decision to terminate…Phillip Christianson".

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 60 and, therefore, deny same.

61.      The OIIG further concluded in its report that "Recorder Yarbrough's pretextual termination of Mr. Christianson shortly after she took office was a continuation of the original *Shakman* violation where she, along with Mr. Velazquez, attempted to block his hire."

**ANSWER:**     Defendants deny the allegations in paragraph 61.

62.     As a result of the aforesaid acts of the Defendants, Plaintiff lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest as permitted by law.

**ANSWER:**     Defendants deny the allegations in paragraph 62.

63.     The aforementioned acts of the Defendants were reckless, willful, wanton, malicious, oppressive, and in callous disregard and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Individual Defendants in a sum as determined according to law and proof.

**ANSWER:**     Defendants deny the allegations in paragraph 63.

**COUNT I**
**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR**
**VIOLATION OF 42 U.S.C. §1983 – POLITICAL DISCRIMINATION**

64.     Plaintiff realleges and incorporates paragraphs one (1) through sixty-three (63) as though fully set forth at this place.

**ANSWER:**     Defendants restate and incorporate their answers to paragraphs 1 through 63 as its answer to paragraph 64.

15

65. The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to free association and to support or not support a political candidate of their own choosing.

**ANSWER:** Defendants admit the allegations in paragraph 65.

66. Plaintiff engaged in the exercise of his rights under the First Amendment when he remained politically neutral to Yarbrough and not politically affiliated with her.

**ANSWER:** Defendants deny the allegations in paragraph 66.

67. At the time of Plaintiff's termination, the concourse manager position was not a position exempt from protections against politically based employment decisions.

**ANSWER:** Defendants admit the allegations in paragraph 67.

68. Yarbrough, Drobitsch, and Velazquez deprived Plaintiff of his right to enjoy his employment free from political interference.

**ANSWER:** Defendants deny the allegations in paragraph 68.

69. Yarbrough, Drobitsch, and Velazquez denied Plaintiff his rights under the First and Fourteenth Amendment when they falsely disciplined and terminated the Plaintiff based upon political reasons or factors, including his lack of affiliation with Yarbrough. Yarbrough, Drobitsch, and Velazquez terminated the Plaintiff so that Yarbrough could hire someone politically affiliated with her into the concourse manager position.

**ANSWER:** Defendants deny the allegations in paragraph 69.

70. As a result of the Individual Defendants' actions, Plaintiff has suffered damages and other injuries including termination.

**ANSWER:** Defendants deny the allegations in paragraph 70.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiff, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

**COUNT II**
**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS FOR**
**VIOLATION OF 42 U.S.C. §1983 – POLITICAL RETALIATION**

71.     Plaintiff realleges and incorporates paragraphs one (1) through sixty-three (63) as though fully set forth at this place.

**ANSWER:**     Count II of Plaintiff's Complaint, including this paragraph, was dismissed by court order.

72.     Yarbrough, Drobitsch, and Velazquez retaliated against Plaintiff for exercising his right to complain of political discrimination under the First Amendment when they sent a letter to his current employer on August 9, 2013 and prohibited him from entering into the Recorder's Office on May 15, 2014.

**ANSWER:**     Count II of Plaintiff's Complaint, including this paragraph, was dismissed by court order.

73.     As a result of the Individual Defendants' actions, Plaintiff has suffered damages and other injuries.

**ANSWER:**     Count II of Plaintiff's Complaint, including this paragraph, was dismissed by court order.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiff, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

**COUNT III**
**PLAINTIFF AGAINST THE RECORDER'S OFFICE**
**FOR VIOLATION OF THE *SHAKMAN* DECREES**

74.     Plaintiff realleges and incorporates paragraphs one (1) through sixty-three (63) as though fully set forth at this place.

**ANSWER:**     Defendants restate and incorporate their answers to paragraphs 1 through 63 as its answer to paragraph 74.

75.     The Recorder's Office, through its agents, committed acts which constituted a violation of the *Shakman* Decrees in that the Individual Defendants terminated the Plaintiff based upon improper political considerations, to wit: his lack of political involvement with Yarbrough.

**ANSWER:**     Defendants deny the allegations in paragraph 75.

76.     The Recorder's Office, through its agent's conduct, violated the *Shakman* Decrees when it falsely disciplined Plaintiff and terminated the Plaintiff's employment for pretextual reasons because he was not politically affiliated with Yarbrough. The Defendant took these actions based upon political reasons or factors.

**ANSWER:**     Defendants deny the allegations in paragraph 76.

77.     As a result of the Defendant's actions, Plaintiff was terminated based on improper political considerations and suffered damages as well as other injuries including the loss of money and his position of concourse manager.

**ANSWER:**     Defendants deny the allegations in paragraph 77.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiff, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

18

**COUNT IV**
**PLAINTIFF AGAINST**
**COOK COUNTY FOR INDEMNIFICATION**

78.     Plaintiff hereby incorporates and realleges paragraphs one (1) through sixty-three (63) as though fully set forth at this place.

**ANSWER:**     Defendants restate and incorporate their answers to paragraphs 1 through 63 as its answer to paragraph 78.

79.     Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Cook County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Recorder of Deeds or her deputies, including the Individual Defendants, acting within the scope of their employment is found liable.

**ANSWER:**     Defendants admit the existence of 745 ILCS 10/9-102, but deny any liability to Plaintiff pursuant to that statute. Defendants further state that Defendant Cook County is included in this matter for indemnification purposes only and is not a substantive defendant herein.

80.     The acts and/or omissions of the Individual Defendants and each of them were committed within the scope of their employment.

**ANSWER:**     Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, therefore, deny same. Defendants further state that Defendant Cook County is included in this matter for indemnification purposes only and is not a substantive defendant herein.

81.     In the event that a judgment for compensatory damages is entered against Defendants and/or any of them, Cook County must pay the judgment as well as the associated attorneys' fees and costs.

**ANSWER:**   Defendants admit the existence of 745 ILCS 10/9-102, but deny any liability to Plaintiff pursuant to that statute. Defendants further state that Defendant Cook County is included in this matter for indemnification purposes only and is not a substantive defendant herein.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiff, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

1.    Plaintiff does not have any direct liability claim against Cook County. Instead, Plaintiff's lone claim against Cook County is a *Carver* claim for indemnity in the event judgment is entered against the Defendants. Under *Carver v. Sheriff of LaSalle County*, 324 F.3d. 947, 948 (7th Cir. 2003), the County is a necessary party solely for indemnity purposes "in any suit seeking damages against an independently-elected county officer such as the sheriff." Cobbs v. Sheahan, 2003 U.S. Dist. LEXIS 19811, *2, *3 (N.D. Ill. October 31, 2003) citing Carver, 324 F.3d at 947-948. Under Section 9-102 of the Tort Immunity Act, Cook County is obligated to fund settlements and/or judgments in tort actions filed against county officials in their official capacities. See *Carver,* 324 F.3d at 947-948. Cook County is a party in this matter not for any substantive claim, but solely for indemnity purposes.

2.    Plaintiff's claims are time-barred.

3.    Plaintiff failed to file his complaint pursuant to the Supplemental Relief Order entered in *Shakman et al. vs. Democratic Organization of Cook County, et al*., Case No. 69 C 2145, in a timely manner.

4.    Defendants' conduct was reasonable and not contrary to any established law.

5.    Plaintiff has failed to state a cause of action upon which relief can be granted.

6.      Defendant Cook County and Defendant Cook County Recorder of Deeds Office are governmental entities and entitled to statutory limitations on damages awards.

9.      Cook County and the Cook County Recorder of Deeds Office are local public entities. Accordingly, Cook County and the Cook County Recorder of Deeds Office are immune from punitive damages awards. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

10.     Plaintiff has failed to act reasonably to mitigate his damages.

WHEREFORE, Defendants, Karen Yarbrough, William Velazquez, William Drobitsch, the Cook County Recorder of Deeds Office, and Cook County, respectfully request that this Court enter judgment in their favor and against Plaintiff, Phillip Christianson, that the action be dismissed with prejudice, and that costs be assessed against Plaintiff.

## JURY DEMAND

Defendants, Karen Yarbrough, William Velazquez, William Drobitsch, the Cook County Recorder of Deeds Office, and Cook County, demand a trial by jury.

Respectfully submitted,

**ANITA ALVAREZ**
State's Attorney of Cook County

By:     /s/ Scott A. Golden
        Scott A. Golden
        Assistant State's Attorney
        Cook County State's Attorney's Office
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-1902